ERIC S. McINTOSH, State Bar No. 182163
McINTOSH LAW CORPORATION
4 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
Telephone: (714) 432-8700
Facsimile: (714) 546-7457

Attorneys for Defendant,
TARA CORONEL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. STUART, JOSE L. FELIX, and A.F., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF RIVERSIDE, SAYORI BALDWIN, BRIDGETTE HERNANDEZ, BRIANNA HALL, TARA CORONEL, and DOES 1 through 10, <br><br> Defendants. | CASE NO.: 5:22-CV-00701-JFW (MARx) <br><br> **DEFENDANT, TARA CORONEL'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> Complaint filed 4/25/22 |

Defendant, TARA CORONEL, by and through her attorneys, on behalf of herself and no others, answers Plaintiffs' Complaint for damages as follows:

1. Answering those allegations set forth in paragraphs 1 through 7, this answering defendant states that she has no information or belief sufficient to answer said allegations and basing her denial thereon, denies each and every, all and singular, generally and specifically, the allegations contained therein.

2. Responding to the allegations contained in paragraph 8 of the Complaint, Defendant admits that the County of Riverside is a governmental entity and was the employer of Defendant.

3. Answering those allegations set forth in paragraphs 9 through 11, this answering defendant states that she has no information or belief sufficient to answer said allegations and basing her denial thereon, denies each and every, all and singular, generally and specifically, the allegations contained therein.

4. Responding to the allegations contained in paragraph 12 of the Complaint, Defendant admits that she is being sued but as to the remaining allegations she denies each and every remaining allegation contained therein.

5. Answering those allegations set forth in paragraphs 13 through 36, this answering defendant states that she has no information or belief sufficient to answer said allegations and basing her denial thereon, denies each and every, all and singular, generally and specifically, the allegations contained therein.

6. Responding to the allegations contained in paragraph 37 of the Complaint, Defendant admits that she was employed as a social worker but as to the remaining allegations she denies each and every remaining allegation contained therein.

7. Responding to the allegations contained in paragraphs 38 and 39 of the Complaint, Defendant denies each and every allegation contained therein.

8. Responding to the allegations contained in paragraph 40 of the Complaint, Defendant admits that she did access Facebook.

9. Responding to the allegations contained in paragraph 41 of the Complaint, Defendant admits that she did receive a response following her access to Facebook.

10. Answering those allegations set forth in paragraphs 42 through 47, this answering defendant states that she has no information or belief sufficient to answer said allegations and basing her denial thereon, denies each and every, all and singular, generally and specifically, the allegations contained therein.

11. Responding to the allegations contained in paragraph 48 of the Complaint, Defendant admits that she was contacted by the Plaintiffs.

12. Responding to the allegations contained in paragraph 49 of the Complaint, Defendant admits that she was contacted by the Plaintiffs and admits that she is Plaintiff's biological father's sister-in-law.

13. Responding to the allegations contained in paragraph 50 of the Complaint, Defendant admits that she told Plaintiffs that Plaintiff's father had been looking for Plaintiff and that he was not available at that time as he was at work, but denies doing so "erroneously and fraudulently."

14. Responding to the allegations contained in paragraphs 51 through 53 of the Complaint, Defendant admits the allegations in those paragraphs.

15. Responding to the allegations contained in paragraphs 54 through 63 of the Complaint, Defendant denies each and every allegation contained therein.

16. Answering those allegations set forth in paragraphs 64 through 70, this answering defendant states that she has no information or belief sufficient to answer said allegations and basing her denial thereon, denies each and every, all and singular, generally and specifically, the allegations contained therein.

17. Responding to the allegations contained in paragraph 71 of the Complaint, Defendant admits that she resigned from her position as a social worker but as to the remaining allegations she denies each and every remaining allegation contained therein.

18. Responding to the allegations contained in paragraphs 72 and 73 of the Complaint, Defendant admits the allegations in those paragraphs.

19. Responding to the allegations contained in paragraph 74 of the Complaint, Defendant denies each and every allegation contained therein.

20. Answering those allegations set forth in paragraphs 75 through 87, this answering defendant states that she has no information or belief sufficient to answer said allegations and basing her denial thereon, denies each and every, all and singular, generally and specifically, the allegations contained therein.

21. Responding to the allegations contained in paragraphs 88 and 89 of the Complaint, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1. This answering defendant alleges that said Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

2. This answering defendant alleges that Plaintiffs fail to state facts sufficient to constitute a cause of action against this answering defendant for violation of 42 U.S.C.§ 1983.

3. This answering defendant alleges that at all times, she acted in good faith and with reasonable belief and she did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to any Plaintiff.

4. This answering defendant alleges that Plaintiffs' claims are barred by the doctrine of laches.

5. At all times mentioned in the Complaint, this answering defendant acted in conformity with applicable law, regulation, and policy.

6. This answering defendant alleges that Plaintiffs' claims are barred by unclean hands and/or plaintiffs' misconduct.

7. This answering defendant alleges that if Plaintiffs were entitled to recover for any loss suffered or sustained at the times alleged, although such is not admitted hereby or herein, then the total amount of damage to which Plaintiffs would otherwise be entitled shall be reduced in proportion to the amount of carelessness, recklessness, and/or negligence attributable to Plaintiffs and which carelessness, recklessness, and/or negligence directly and proximately contributed to Plaintiffs' loss or damage, if any, herein alleged.

8. This answering defendant alleges that if Plaintiffs were entitled to recover for any loss suffered or sustained at or about the times and places alleged, although such is not admitted hereby or herein, then the total amount of damage to which Plaintiffs would otherwise be entitled shall be limited in whole or in part by the doctrine of after-acquired evidence.

9. This answering defendant alleges that Plaintiffs' alleged injuries, losses, or damages, if any, were proximately caused by a superseding and intervening cause.

10. This answering defendant alleges that if this answering Defendant did subject Plaintiffs to any wrongful or unlawful conduct resulting in mental, physical or emotional harm,

although such is not admitted hereby or herein, Plaintiffs had a duty to mitigate any damages they may have suffered by seeking medical and psychological treatment and Plaintiffs have failed to do so.

11. This answering defendant alleges that Plaintiffs had a duty, but failed, to mitigate any damages to which they may be entitled.

12. This answering defendant alleges that if this answering Defendant committed the acts alleged in the Complaint, although such is not admitted hereby or herein, such answering Defendant had a bona fide and reasonable belief that the plaintiffs impliedly consented.

13. This answering defendant alleges that Plaintiffs are not entitled to an award of attorneys' fees.

14. This answering defendant alleges that this action is barred to the extent that the Plaintiffs failed to raise timely claims under the statute of limitations, including but not limited to, *Code of Civil Procedure §§ 335.1, 340(3) and 343.*

15. This answering Defendant is informed and believes and thereon alleges that the damages referred to in the Complaint by Plaintiffs were caused by the Plaintiffs and/or others affiliated in any manner with Plaintiff in that at all times relevant herein, Plaintiffs failed to exercise for their own protection, the proper care and precautions which prudent persons under the same and similar circumstances would have exercised and that if this answering Defendant committed any wrongful act at all (which supposition is made for the purpose of their defense without admitting such to be a fact), the aforesaid conduct of Plaintiffs and/or entities or persons associated in any manner with the Plaintiffs, were causally related Plaintiffs' alleged damages, if any there were, and that such negligence on the part of Plaintiffs must be compared to the negligence on the part of other parties, and Plaintiffs' damages, if any, reduced in an amount that Plaintiffs are found to have been negligent.

16. This answering defendant alleges that the causes of action alleged in the Complaint, based on the allegations of violation of right to privacy, are barred by the fact that Plaintiffs did not have a reasonable expectation of privacy in the circumstances.

17. This answering defendant alleges that the causes of action alleged in the Complaint, based on the allegations of violation of right to privacy are barred by the fact that Plaintiffs had no legally protected privacy interest in the information, if any, which was allegedly disseminated.

18. This answering defendant alleges that the causes of action alleged in the Complaint, based on the allegations of violation of right to privacy are barred by the fact that the conduct as alleged by Plaintiffs, even if it occurred, which Defendant specifically denies, would not constitute an invasion of privacy.

19. This answering defendant alleges that her conduct was privileged and did not violate or interfere with the rights of any Plaintiff, thus barring the claims herein.

20. This answering defendant alleges that punitive damages are violative of the due process, equal protection and right of privacy provisions of the United States and California State Constitutions, and this Court, therefore, does not have subject matter jurisdiction to hear the punitive damage claim.

21. This answering defendant alleges that the Complaint fails to state a cause of action for exemplary damages, and such recovery is not allowed.

22. This answering defendant alleges that plaintiffs' unverified Complaint, and each cause of action thereof, is couched on conclusionary terms, such that this answering defendant cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

23. This answering defendant alleges that the plaintiffs' action has not been brought in good faith and is frivolous, and defendant is entitled to and will seek reasonable expenses, including attorney's fees in the defense of this action pursuant to California *Code of Civil Procedure, Sections 128.7, 1021.7,* and *1038*, and *Rules 11* and *54(d)* of the *Federal Rules of Civil Procedure*.

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That judgment be awarded for this answering Defendant;

2. That the Complaint be dismissed with prejudice and that the Plaintiffs take nothing by their Complaint;

3. That this answering Defendant be awarded her costs incurred herein, including attorneys' fees; and

4. That the Court order such other and further relief for this answering Defendant as the Court may deem just and proper.

**DEFENDANT DEMANDS A TRIAL BY JURY**.

Dated: November 14, 2022

                                        MCINTOSH LAW CORPORATION

                                        By:   */s/ Eric McIntosh*
                                        ERIC McINTOSH, Esq.
                                        Attorney for Defendant, Tara Coronel