Je Yon Jung, Esq. (SBN #329774)
**MAY JUNG LLP**
333 City Blvd. West
Suite 327
Orange, CA 92868
(818) 869-6476
jeyon@mayjung.com
service@mayjung.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

THOMAS E. STUART,
JOSE L. FELIX,
and A.F.

       Plaintiffs,

vs.

COUNTY OF RIVERSIDE,
TARA CORONEL, TAMARA
CORONEL, WARREN PAUL and
DOES 1 THROUGH 10,

       Defendants.

CASE NO. 5:22-CV-0701-SPG (MAR)

**FIRST AMENDED COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL**

    **COME NOW**, Plaintiffs, who allege upon information and belief as follows: This is a complaint for damages based on upon federal civil rights, state constitutional rights, and state statutory and common law violations committed by the Defendant County of Riverside and its respective officials, employees, and/or agents, Tara Coronel, Tamara Coronel, Warren Paul, and Does 1 through 10.

## JURISDICTION

1.      Plaintiffs bring this case pursuant to 42 U.S.C. §§ 1983, 1988 and California's Constitution and state law. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (1-4). Supplemental jurisdiction exists over the state claims and Defendants pursuant to 28 U.S.C. §1367.

2.      Plaintiffs have fully satisfied the Tort Claims Act as to California state law claims made herein.

## VENUE

3.      The claims alleged herein arose from events or omissions that occurred in the County of Riverside. Therefore, venue lies in the        Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

### *Plaintiffs*

4.      Plaintiff Thomas E. Stuart ("Mr. Stuart") is a resident of the State of California. At all times material to this Complaint, Mr. Stuart was a private citizen of the State of California, United States of America.

5.      Plaintiff Jose L. Felix ("Mr. Felix") is a resident of the State of California. At all times material to this Complaint, Mr. Felix was a private citizen of the State of California, United States of America.

6.      Plaintiff A.F. (a fictitious name is used herein to protect his privacy) is a resident of the State of California. At all times material to this Complaint, A.F. was a private citizen of the State of California, United States of America.

7.      Plaintiffs are referred to collectively at times herein as "Plaintiffs."

### *Defendants*

8.      Plaintiffs are informed, believe, and thereupon allege that Defendant COUNTY OF RIVERSIDE ("Defendant County") is a duly       constituted governmental entity in the State of California, and is, or was, the employer of all individually named Defendants including, but not limited to, those who are sued in their individual and official capacities, as well as one, or all, of Defendant DOES 1 through 10.

9.      Plaintiffs are informed, believe, and thereupon allege that Defendant TARA CORONEL was at all times material herein acting under color of law within the course and scope of her employment and office as a Social Services Practitioner III of DPSS. Defendant TARA CORONEL is sister to Defendant TAMARA CORONEL. Defendant TARA CORONEL is being sued individually and in her official capacity.

10.     Plaintiffs are informed, believe, and thereupon allege that Defendant TAMARA CORONEL was at all times material herein a resident of California,

sister to Defendant TARA CORONEL, and girlfriend of Defendant WARREN

PAUL. She is being sued individually.

11.    Plaintiffs are informed, believe, and thereupon allege that Defendant

WARREN PAUL ("Defendant Paul") was at all times material herein  resident of

California and the biological father of A.F. He is being sued

individually.

12.    The identities, capacities, and/or nature of involvement of Defendant

DOES 1 through 10 ("Doe Defendants") are presently unknown to Plaintiffs.

Plaintiffs therefore sue such persons using "Does" as fictitiously-named

defendants. Plaintiffs are informed, believe, and thereupon allege that there is

likely to be evidentiary support to prove that each Doe Defendant was involved in

some manner and legally responsible for the acts, omissions, and/or breaches of

duty alleged below. Plaintiffs will amend the Complaint to name the Doe

Defendants upon learning their true identities and roles in the actions

complained of herein.

13.    All of the facts, acts, omissions, events, and circumstances herein

mentioned and described in the County of Riverside, State of California, and the

corporate and/or entity Defendant, and each of them, are residents of the County of

Riverside, State of California,   and/or have their principal place of business in said

County and State, and/or doing business in said County and State.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 4

14.     Plaintiffs are informed, believe, and thereupon allege that Defendant Tara Coronel was employed by Defendant County and at all times relevant and material to this Complaint, was acting within the course and scope of her employment duties for Defendant County, and under color of law. Plaintiffs are informed, believe, and thereupon allege that Defendant Tara Coronel's acts were known to, discovered by, approved by, and/or ratified by Defendant County, by and through their policy makers, decision makers, officials, officers, and/or supervisors.

15.     Plaintiffs are informed, believe, and thereupon allege that all Defendants employed by Doe Defendants, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for Doe Defendants, under color of law. Plaintiffs are informed, believe, and thereupon allege that each of the individual Defendant's acts were known to, discovered by, approved by, and/or ratified by Doe Defendants, by and through policy makers, decision makers, and/or supervisors, including applicable Doe Defendants.

16.     Plaintiffs are informed, believe, and thereupon allege that officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or departmental policy, *de jure* or *de facto,* of Defendant County and/or Doe Defendants, participated in, approved of,

ratified, and/or failed to prevent the acts by all County Defendants and Doe Defendants of which Plaintiffs complain herein.

17.     Plaintiffs are informed, believe, and thereupon allege that at all times herein mentioned, each of the Defendants-including officials, supervisors, and other policy makers from Defendant County and/or Doe Defendants and their agents-was the agent, employee, or co-conspirator of one other, some, or all of their Co-Defendants. Plaintiffs are informed, believe, and thereupon allege that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiffs of their respective rights, interests, and liberties, as such rights are afforded under the United States Constitution and the California State Constitution and conspired generally to damage Plaintiffs and inflict great injury upon them.

18.     Defendants are referred to collectively at times herein as "DEFENDANTS."

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.     A.F. was born in 2002.

20.     A.F. had been in the custody of his biological mother from birth until approximately the age of five, when he was first placed into     Defendant County's Child Protective Services due to neglect as a result of his biological mother's methamphetamine addiction, drug abuse and repeated incarceration.

21.     Defendant Warren Paul is A.F.'s biological father but failed to take any responsibility or action on behalf of A.F. from the date A.F. was born until approximately ten (10) years later.

22.     A.F. was removed from his biological mother's home by the Defendant County, Department of Public Social Services ("DPSS").

23.     From the age of five (5), until he was adopted by his parents at the age of ten (10), A.F. was placed in multiple temporary foster homes.

24.     Defendant Warren Paul was provided multiple notices regarding A.F.'s placement in multiple foster homes, but never responded or sought to obtain custody or care of A.F.

25.     Although Defendant Warren Paul was identified on A.F.'s birth certificate, he had no contact with and never took responsibility for A.F. throughout his life, despite multiple opportunities to do so.

26.     Mr. Stuart and Mr. Felix began the adoption process for adopting A.F. in 2012.

27.     During the adoption process, the family court judge ordered Defendant Warren Paul to submit to a DNA test. The test was completed and Defendant Warren Paul was confirmed through DNA testing to be A.F.'s biological father.

28.     As a result of the confirmed DNA testing, Defendant Warren Paul was given the option to proceed with parental unification with A.F. However, Defendant Warren Paul declined and completely and irrevocably surrendered his parental rights in 2012.

29.     Both Defendant Warren Paul and A.F.'s biological mother's rights were terminated in 2012, when A.F. was nearly ten (10) years of age.

30.     Due to neglect, absence of a parent or caretaker, placement in multiple temporary foster homes, enrollment in multiple schools, abandonment from his biological mother and Defendant Warren Paul, and the absence of consistent and meaningful nurturing and care for nearly ten (10) years, it is not surprising that A.F. struggled throughout his adolescence, including suffering from significant learning disabilities, stunted or delayed educational development, severe emotional instability and behavioral issues, and other severe negative psychological and behavioral effects.

31.     Mr. Stuart and Mr. Felix also adopted A.F.'s younger brother, who shared the same mother as A.F., but different fathers.

32.     After A.F.'s adoption by Mr. Stuart and Mr. Felix, A.F. made significant progress with his educational, emotional, and behavioral development. However, he continued and continues to suffer from the multiple negative impacts of his adolescent childhood prior to adoption.

33.     Not surprisingly, A.F. has many unresolved psychological impacts and emotional difficulties related to his childhood before he was adopted, including feelings of severe abandonment and neglect, rejection, shame, and humiliation.

34.     A.F.'s childhood trauma and abandonment has manifested itself throughout the course of his adolescent and adult development, including, but not limited to, bursts of anger, resentment, depression, anxiety, attachment disorders, and despair.

35.     Notwithstanding A.F.'s childhood trauma and abandonment, and because of the love and care he received from his parents, Plaintiffs Stuart and Felix, A.F. has overcome a significant number of hurdles and barriers. He made progress in managing, coping, and even overcoming some of his disadvantages, disabilities, and challenges. For example, A.F. graduated from high school, was an all-star club level water polo player, and obtained admission and an athletic scholarship to attend a Division I university.

36.     However, that progress and trajectory was severely vitiated, destroyed, impeded, derailed, and disrupted in June 2021, and continues to negatively affect A.F. as well as the progress Plaintiffs Stuart and Felix made individually with A.F. and as a family unit.

37.     On or about June 11, 2021, Defendant Tara Coronel, who is or was at the time employed as a social worker or "Social Services Practitioner III," with the Riverside County DPSS, used her credentials and position to unlawfully access the Defendant County's computer systems and electronic records.

38.     Defendant Tara Coronel was able to and did unlawfully access confidential closed adoption records related to A.F.'s adoption by Plaintiffs Stuart and Felix.

39.     Defendant Tara Coronel conspired and collaborated with Defendant Warren Paul and Defendant Tamara Coronel to use her County access to obtain unauthorized access to Plaintiffs' confidential and private personally identifiable information, including, but not limited to Plaintiffs' adoption records.

40.     Defendant Warren Paul asked Defendant Tara Coronel to unlawfully access confidential County records and databases regarding his information with respect to DPSS.

41.     Defendant Warren Paul, Defendant Tamara Coronel, and Defendant Tara Coronel conspired to obtain confidential information about A.F.

42.     Defendant Tara Coronel used the information that she unlawfully obtained through the DPSS electronic records and data to attempt to contact A.F. on behalf of herself, Defendant Tamara Coronel, and/or Defendant Warren Paul.

43.     On or about June 13, 2021, Defendant Tara Coronel contacted the Facebook account of the water polo club to which A.F. belonged.      Tara  sent a Facebook message to the water polo club and stated: "This might be a long shot but do you have contact information for [A.F.]?"

44.     The water polo club responded, "Hi-We can't give out athlete's info, but you can send over your email address / phone and we can forward to his parents." Defendant Tara Coronel responded: "Hello, I believe [A.F] was adopted years ago. If this is him, his birth name was [redacted]. [redacted] If you can please pass my information along. Tara Coronel. [redacted]."

45.     The water polo club forwarded the message to A.F.'s parents, Mr. Stuart and Mr. Felix on the same day.

46.     As a result of this outreach and communication, Mr. Stuart and Mr. Felix were severely distressed and confused about the contact, the method of contact, and, most importantly, the potential negative impact it would have on A.F.'s progress and mental health.

47.     Mr. Stuart and Mr. Felix spoke to A.F. about the contact from Defendant Tara Coronel.

48.     Defendant Tara Coronel's purported and later determined fabricated outreach on behalf of Defendant Warren Paul was the first contact A.F. had ever received from Defendant Warren Paul in his 18 years of life.

49.     At the time of Defendant Tara Coronel's contact, A.F. was 18 years of age. A.F. was conflicted about the outreach but agreed to the contact with Defendant Tara Coronel, primarily because A.F. wanted answers to, if not a confrontation with Defendant Warren Paul about, so many questions he had about his childhood and abandonment by Defendant Warren Paul.

50.     The Plaintiffs agreed that they would reach out to Defendant Tara Coronel together.

51.     The Plaintiffs called Defendant Tara Coronel on June 18, 2021, at the number she provided to the Water Polo Club using a blocked number.

52.     Defendant Tara Coronel answered the telephone and falsely indicated that she is Defendant Warren Paul's sister-in-law.

53.     Defendant Tara Coronel erroneously and fraudulently told Plaintiffs that Defendant Warren Paul had been looking for A.F., but he was not available at that time as he was at work.

54.     Defendant Tara Coronel told A.F. that if he ever felt "unwanted," that it was not true. A.F. asked again to speak directly with Defendant Warren Paul.

55.     Defendant Tara Coronel requested that A.F. call back the next morning at 10:00 am to speak to Defendant Warren Paul.

56.     Before ending the call, Defendant Tara Coronel asked if there were any specific questions she could convey to Defendant Warren Paul but A.F.

declined as he wanted to speak directly to Defendant Warren Paul, as promised and represented by Defendant Tara Coronel.

57.    After the call, all three Plaintiffs continued to suffer significant anxiety and negative physical and emotional effects from the call and outreach by Defendant Tara Coronel, purportedly on behalf of Defendant Warren Paul, as well as the anticipation of the call the following morning.

58.    On June 19, 2021, around 10:00 am, Plaintiffs called Defendant Tara Coronel's number, again from a blocked number. Defendant Tara Coronel's sister, Defendant Tamara Coronel, who is also Defendant Warren Paul's girlfriend (but who was falsely presented to Plaintiffs as Defendant Warren Paul's wife), answered the phone and falsely stated that that she is Defendant Warren Paul's wife. Defendant Tamara Coronel also proceeded to disclose that Defendant Warren Paul was not at home, that he did not know about the call with A.F., that he did not know about Defendant Tara Coronel's outreach, and that Defendant Warren Paul was never involved and never requested Defendant Tara Coronel's outreach effort to A.F.

59.    This shocking revelation caused all three Plaintiffs to become extremely upset and distressed over Defendant Tara Coronel and Defendant Tamara Coronel's purposes, intentions, and motivations to interfere with A.F.'s life and familial relationships.

60.     Mr. Stuart and Mr. Felix demanded to know how Defendant Tara Coronel and Defendant Tamara Coronel found them, given that it was a closed adoption. Initially, Defendant Tara Coronel lied and said that Defendant Warren Paul had hired a private investigator and had been looking for him for years.

61.     Plaintiffs challenged Defendant Tara Coronel's fraudulent claims and told her that they knew it was not true, given the confidential nature of the information in the closed adoption.

62.     Defendant Tara Coronel then indicated that she found Mr. Felix's name on "adoption paperwork" and then looked him up on Facebook. She indicated that she saw a picture of A.F. with his water polo club team, so she reached out to the water polo club on Facebook.

63.     Plaintiffs were very upset and insisted that Defendant Tara Coronel was lying because of the closed adoption process, which included a name change, and the inability to identify them or A.F., unless she accessed confidential information.

64.     Defendant Tara Coronel became very defensive, ugly, and angry that Plaintiffs Stuart and Felix, who are A.F.'s parents, were even getting involved in their son's life and business because he was 18 years of age.

65.     The call continued to escalate, particularly because of Defendant Tara Coronel's lies to Plaintiffs, lies about Defendant Warren Paul's lack of knowledge

regarding the outreach, and lies about Defendant Tara Coronel's access to confidential information.

66.    Defendant Tara Coronel screamed at Plaintiffs: "He's 18! Why are you getting so involved?" and hung up the phone on Plaintiffs.

67.    On June 21, 2021, Mr. Felix conducted an internet search and learned that Defendant Tara Coronel was employed by the Defendant County, DPSS, as a social worker.

68.    On June 21, 2021, Mr. Stuart contacted DPSS and spoke to Defendant Tara Coronel's supervisor, Brianna Hall.

69.    Over the course of several days, Plaintiffs were contacted by a DPSS investigator, who indicated they would conduct an investigation, but that the Plaintiffs may not be informed about the results of the investigation.

70.    On or about September 14, 2021, Plaintiffs received a form letter indicating a "notice of data breach" and that Defendant Tara Coronel was no longer employed by DPSS. No further information was provided to Plaintiffs.

71.    Plaintiff Stuart was informed by Defendant County that his "closed adoption record was accessed by one staff member," and that his first and last name, address at the time of placement, and birth date were accessed without authorization.

72.     Plaintiff Felix was informed by Defendant County that his "closed adoption record was accessed by one staff member," and that his first and last name, address at the time of placement, and birth date were accessed without authorization.

73.     Plaintiff A.F. was informed by Defendant County that his "closed adoption record was accessed by one staff member," and that his first and last name, social security number, address at the time of placement, birth date, and health information at the time of placement were accessed without authorization.

74.     Upon information and belief, an investigation was conducted and it was confirmed that Defendant Tara Coronel unlawfully and without authorization used her DPSS access and authority to obtain confidential information about Plaintiffs A.F., Mr. Stuart, and Mr. Felix.

75.     Defendant County's investigation indicated that the Defendant County were unclear on the methods of unauthorized access by Defendant Tara Coronel, the statutes and laws at issue, the procedures for such a breach and notification requirements, and their referral obligations for unauthorized access. For example, Defendants were unaware that Defendant Tara Coronel obtained unauthorized access to A.F.'s information, until it was notified by Plaintiffs and conducted a state audit of computer and electronic access.

76.     Upon information and belief, Defendants did not provide any prophylactic measures, including training, to ensure confidentiality and unauthorized access to such data and information by its unauthorized employees.

77.     Defendant Tara Coronel was allowed to resign from her position as a social worker for DPSS. Upon information and belief, Defendant Tara Coronel received all benefits and privileges associated with her resignation from DPSS and no further punishment, criminal referrals, penalties, or negative actions were taken against Defendant Tara Coronel, as a result of her unlawful actions.

78.     No criminal referral, charges, or actions were made or brought against Defendant Tara Coronel.

79.     Defendant Tara Coronel continues to practice and/or is a licensed professional clinical counselor in the state of California.

80.     To date, Plaintiffs continue to suffer damages, including mental pain and suffering, as a result of Defendants' acts and omissions.

## **DAMAGES**

81.     Each of the acts throughout this Complaint by each Defendant directly and proximately caused each of the Plaintiffs to suffer the following: violation of civil rights, loss of privacy, loss of enjoyment of privacy, invasion of privacy, interference with familial relationship, loss and interference with liberty

interests, interference with freedom of association, humiliation, emotional injury, pain and suffering, and mental anguish.

82.    Plaintiffs endured, and continue to endure, substantial pain and suffering due to each and every act and omission of all Defendants, and each of them.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
**Fourteenth Amendment**
**(Substantive Due Process and Familial Relationship)**
**By All Plaintiffs Against Defendants Riverside County**
**and Tara Coronel**

83.    Plaintiffs incorporate all paragraphs, as though fully set forth herein.

84.    At all times, each of the Defendants was acting under color of state law in the performance of his or her official duties.

85.    Each of these Defendants' acts and omissions deprived each Plaintiff of his particular rights under the Constitution and laws of the United States.

86.    Each Plaintiff has and had Fourteenth Amendment substantive due process rights to familial association, which includes the right of parents and children to not have interference by the state regarding the parent-child relationship.

87.     Plaintiffs allege that Defendants' actions interfered with Plaintiff Mr. Stuart's fundamental familial right to parent A.F., without government interference.

88.     Plaintiffs allege that Defendants' actions interfered with Plaintiff Mr. Felix's fundamental familial right to parent A.F., without government interference.

89.     Plaintiffs allege that Defendants' actions interfered with Plaintiff A.F.'s fundamental rights to his familial relationship with his parents, Mr. Stuart and Mr. Felix, without government interference.

90.     Defendants' actions or omissions caused interference with the constitutionally protected familial relationship and was for purposes of oppression and interference of the familial relationship.

91.     Defendants had no legitimate interest in interfering with the Plaintiffs' parent-child relationship.

92.     Defendants' actions or omissions violated Plaintiffs' liberty interests in their mutual companionship and nurturing interests.

93.     Defendants' actions were intentional and with deliberate deprivation and/or indifference to the liberty interests of Plaintiffs.

94.     The Defendants' acts and omissions set forth throughout this Complaint are shocking to the conscience, beyond the bounds of acts tolerable in a

civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

## SECOND CLAIM FOR RELIEF

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
**First Amendment (Familial Association)**
**By All Plaintiffs Against Defendants Riverside County**
**and Tara Coronel**

95.     Plaintiffs incorporate all paragraphs, as though fully set forth herein.

96.     At all times, each of the Defendants was acting under color of state law in the performance of his or her official duties.

97.     Each of these Defendants' acts and omissions deprived each Plaintiff of his particular rights under the Constitution and laws of the United States.

98.     Each Plaintiff has and had First Amendment familial association rights, which includes the right of parents and children to not have interference by the state regarding the parent-child relationship and association.

99.     Plaintiffs allege that Defendants' actions interfered with Plaintiff Mr. Stuart's familial association right to parent A.F., without government interference.

100.    Plaintiffs allege that Defendants' actions interfered with Plaintiff Mr. Felix's familial association right to parent A.F., without government interference.

101.   Plaintiffs allege that Defendants' actions interfered with Plaintiff A.F.'s familial association right to his familial relationship with his parents, Mr. Stuart and Mr. Felix, without government interference.

102.   Defendants' actions or omissions caused interference with the constitutionally protected familial relationship and was for purposes of oppression and interference of the familial relationship.

103.   Defendants had no legitimate interest in interfering with the Plaintiffs' parent-child relationship.

104.   Defendants' actions or omissions violated Plaintiffs' familial association rights in their mutual companionship and nurturing interests.

105.   Defendants' actions were intentional and with deliberate deprivation and/or indifference to the familial association interests of Plaintiffs.

106.   Defendants' acts and omissions set forth throughout this Complaint are shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

## THIRD CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Unconstitutional Policy, Custom, or Procedure (*Monell*)
### By All Plaintiffs Against Defendant Riverside County

107.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

108.   This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First and Fourteenth Amendments to the United States Constitution.

109.   Defendant County violated Plaintiffs' constitutional rights, as alleged supra, by creating and maintaining the following unconstitutional customs and practices, inter alia:

(i)     Plaintiffs allege that Defendant County has a *de facto* policy, custom, and/or practice of not protecting individual privacy rights, particularly individuals who have participated in a closed and private adoption;

(ii)     Plaintiffs allege that Defendant County has a *de facto* policy, custom, and/or practice of intentionally and/or willfully disregarding the sanctity and rights of a familial relationship;

(iii)     Plaintiffs allege that Defendant County has a *de facto* policy, custom, and/or practice of intentionally and/or willfully disregarding the sanctity and rights of a familial association;

(iv)     Plaintiffs allege that Defendant County has a *de facto* policy, custom, or practice of inadequately monitoring and/or investigating their employees' misconduct, including unauthorized access to confidential information, electronic records, and databases;

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 22

(v)    Plaintiffs allege that Defendant County has a *de facto* policy, custom, or practice of not ensuring and for allowing unauthorized access to confidential information maintained on its databases and computer systems;

(vi)    Plaintiffs allege that Defendant County has a *de facto* policy, custom or practice of failing to discipline, failing to investigate, and or retaining, personnel who falsely and unlawfully obtain unauthorized access to confidential and/or private information in violation of constitutional rights; and

(vii)    Plaintiffs allege that Defendant County has a *de facto* policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, failing to monitor, and of retaining, personnel who falsely and unlawfully obtain unauthorized access to confidential and/or private information in violation of constitutional rights; into contact in violation of constitutional rights.

110.    Defendant County's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Plaintiffs' constitutional rights at issue in this case.

111.    Plaintiffs are informed, believe, and thereupon allege that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant County, by and through its decision makers.

112.   The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiffs.

113.   Plaintiffs specifically allege that Defendant County's policy, custom, and/or practices, as described herein, were within the control of Defendant County and within the feasibility of Defendant County, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs.

**<u>FOURTH CLAIM FOR RELIEF</u>**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
**Failure to Train, Supervise, Discipline, or Correct**
**(*City of Canton & Larez*)**
**By All Plaintiffs Against Defendant County**

114.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

115.   This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the First and Fourteenth Amendments to the United States Constitution.

116.   Defendant County violated Plaintiffs' constitutional rights, as alleged supra, by creating and maintaining the following unconstitutional customs and practices, inter alia:

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 24

(i)      Plaintiffs are informed, believe, and thereupon allege that Defendants County has ample reason to know that employees may use their County passwords and computer access to engage in the misconduct and unauthorized access set forth in this entire complaint;

(ii)     Plaintiffs are informed, believe, and thereupon allege that Defendants County has failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within DPSS as to the legal requirements, obligations, and protections applicable to persons set forth in the United States and California Constitutions and other laws; and

117.   Plaintiffs allege that these failures amount to a *de facto* policy and are intentional and/or the result of deliberate indifference on the part of Defendant County, by and through its decision makers. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiffs.

118.   Defendant County's supervisors' failures directly caused and contributed to Plaintiffs' damages.

119.   Plaintiffs specifically allege that Defendant County's policy, custom, and practice, as described *supra*, was within its control, and within its feasibility to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs.

## **FIFTH CLAIM FOR RELIEF**

**CALIFORNIA CONSTITUTION, Cal const. Art. I, § I**
**(Right to Privacy)**
**By All Plaintiffs Against Defendants**

120.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

121.   This cause of action arises under the Constitution of the State of California, which provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

122.   Plaintiffs have legally protected liberty and privacy interests. These interests necessarily extend to the facts, data, and information related to the confidential and closed adoption of A.F. by Plaintiffs Stuart and Felix.

123.   Plaintiffs have a reasonable expectation of privacy related to their confidential and closed adoption through the DPSS.

124.   Defendants' acts and/or omissions constituted a serious and egregious invasion of Plaintiffs' liberty and privacy interests secured by the California Constitution.

**SIXTH CLAIM FOR RELIEF**
**NEGLIGENCE**
**By All Plaintiffs Against All Defendants**

125.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

126.   This cause of action arises under the general laws and Constitution of the State of California.

127.   For purposes of this claim for relief, allegations are deemed to sound in negligence, and set forth pursuant to Cal. Civ. Code § 1714.

128.   In performing all of the complained of acts and omissions throughout this Complaint by way of their conduct, defendants, and each of them, have breached the duty to act reasonably under the circumstances described.

129.   As a direct and proximate result of the foreseeable conduct throughout this Complaint, plaintiffs have suffered and continue to suffer great emotional pain and injury, all in an amount to be determined according to proof at trial.

## SEVENTH CLAIM FOR RELIEF
### LARCENY (Ca. Pen. Code, § 502, subd. (e))
### By All Plaintiffs Against Defendants Tara Coronel, Tamara Coronel, and Warren Paul

130.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

131.   Defendant Tara Coronel knowingly accessed and without permission used data, computer, computer system, or computer network in order to either (a) devise or execute any scheme or artifice to defraud or deceive or (b) wrongfully control or obtain data in violation of Ca. Pen. Code, § 502(c)(1).

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 27

132.   Defendant Tara Coronel knowingly accessed and without permission took, copied, or made use of data form a computer, computer system, or computer network, whether existing or residing internal or external to a computer, computer system, or computer network in violation of Ca. Pen. Code, § 502(c)(2).

133.   Defendant Tara Coronel knowingly accessed and without permission used or caused to be used computer services in violation of Ca. Pen. Code, §502(c)(3).

134.   Defendant Tara Coronel knowingly without permission accessed or caused to be accessed any computer, computer system, or computer network in violation of Ca. Pen. Code, §502(c)(7).

135.   All of the actions by Defendant Tara Coronel were conducted based on her access, duties, and responsibilities given to her by Defendant County in her role as a Social Services Practitioner III with the DPSS at the Defendant County.

136.   Defendant County, through its negligent training, protection, and supervision, allowed Defendant Tara Coronel to obtain unauthorized access to its computer, computer system, or computer network in violation of Ca. Pen. Code, §502(c).

137.   Defendant Tara Coronel engaged in the willful violation of the provisions of Ca. Pen. Code, §502(c) and is guilty of fraud or malice as defined by Ca. Civ. Code §3294(c).

138.   Defendant County engaged in the willful violation of the provisions of Ca. Pen. Code, §502(c) and is guilty of fraud or malice as defined by Ca. Civ. Code §3294(c).

## EIGHTH CLAIM FOR RELIEF
### INFORMATION PRACTICES ACT of 1977
### (Ca. Civ. Code, § 1798 *et seq.*)
### By All Plaintiffs Against Defendant County

139.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

140.   Plaintiffs have a right to privacy as a personal and fundamental right protected by Section 1 of Article I of the Constitution of California. Plaintiffs have a right of privacy in information pertaining to them.

141.   Defendant County failed to comply with provisions of the Information Practices Act of 1977, Ca. Civ. Code, §1798 *et seq.*, and, as a result, such acts or omissions had substantial adverse effects on Plaintiffs.

142.   Plaintiffs suffered damages, including mental suffering, as a result of Defendant County's acts or omissions related to Plaintiffs' invasion of privacy under federal and state constitutions and laws.

## NINTH CLAIM FOR RELIEF
### NEGLIGENT HIRING, SUPERVISION, and
### RETENTION OF EMPLOYEE
### By All Plaintiffs Against Defendant County

143.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

144.   Defendant County of Riverside had a duty to supervise Defendant Coronel to ensure that she exercised her duties and responsibilities as a Social Services Practitioner within the bounds of her authorization      and access to Defendant County of Riverside's computers, data, and records.

145.   Defendant County of Riverside was negligent in its supervision of Defendant Tara Coronel and failed to ensure that she exercised her duties and responsibilities as a Social Services Practitioner within the bounds of her authorization and access to Defendant County of   Riverside's computers, data, and records.

146.   Defendant County of Riverside's negligence in hiring, supervising, and retaining Defendant Tara Coronel proximately caused the Plaintiffs' foreseeable injuries.

## TENTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### By All Plaintiffs Against All Defendants

147.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

148.   In performing all of the complained of acts and omissions throughout this Complaint by way of their conduct, defendants, and each of them, have breached the duty to act reasonably under the circumstances described.

149.   As a direct and proximate result of the foreseeable conduct throughout this Complaint, plaintiffs have suffered and continue to suffer emotional distress, all in an amount to be determined according to proof at trial.

## ELEVENTH CLAIM FOR RELIEF
**VICARIOUS LIABILITY (Ca. Gov. Code § 815.2)**
**By All Plaintiffs Against Defendant County**

150.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

151.   Defendant County of Riverside is vicariously liable through the doctrine of *respondeat superior* for all of Defendants' state violations and Plaintiffs' injuries and damages at California Government Code § 815.2.

152.   Plaintiffs' injuries were caused by Defendant Tara Coronel's role and authorization granted by her employer, DPSS and Defendant County of Riverside.

153.   Defendant Tara Coronel's access to computer networks, data, and information related to closed adoptions, including A.F.'s confidential and closed adoption, was a direct result of Defendant Tara Coronel's employment status with DPSS and Defendant County of Riverside.

154.   It was a foreseeable risk, if not known risk, that Defendant Tara Coronel and/or other employees of DPSS and/or Defendant County of Riverside would or could engage in unauthorized access to Defendant's computers, data, and records.

155.   Defendant Tara Coronel's ability to access Defendant's computers, data, and information at issue in this matter was required or incidental to her duties and responsibilities as a Social Services Practitioner, III and/or it was reasonably foreseeable that she would have such access.

156.   Defendant County is liable to Plaintiffs for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *respondeat superior*, codified at California Government Code § 815.2.

## TWELFTH CLAIM FOR RELIEF
### TWO PARTY CONSENT VIOLATION (Ca. Penal Code § 637.2)
### By All Plaintiffs Against Defendant County

157.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

158.   Defendant County of Riverside, through its employees and agents, willfully recorded a telephone communication between themselves and Plaintiffs Stuart and Felix.

159.   Defendant County of Riverside, through its employees and agents, used a recording device to record its telephone communication between themselves and Plaintiffs Stuart and Felix on or about June 29, 2021;

160.   Defendant County of Riverside, through its employees and agents, recorded their telephone communication between themselves and Plaintiffs Stuart and Felix without the consent of Plaintiffs Stuart and Felix.

161.   Defendant County of Riverside, through its employees and agents, knew (or reasonably should have known) that the conversation was confidential.

162.   Plaintiffs had an objectively reasonable expectation that their conversation was not being recorded without their consent.

163.   At all times relevant hereto, Defendant County of Riverside, through its employees and agents acted to violate the Plaintiffs' constitutional and statutory rights by failing to obtain their consent to be recorded.

164.   Defendant County's acts and/or omissions constituted a serious and egregious invasion of Plaintiffs' liberty and privacy interests secured by the federal and state Constitutions, and federal and state statutes.

<u>THIRTEENTH CLAIM FOR RELIEF</u>
**CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. §1985 )**
**By All Plaintiffs Against All Defendants**

165.   Plaintiffs incorporate all paragraphs, as though fully set forth herein.

166.   Defendants conspired together to deprive Plaintiffs of their privacy and substantive due process rights to familial association, in violation of 42 U.S.C. §1985.

167.   One or more Defendants acted in furtherance of the conspiracy by intentionally:

(i)   accessing Plaintiffs' private, confidential, and protected closed adoption information through the Defendant County's access and authorizations;

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 33

(ii)     using that private and confidential information to locate and make unauthorized and nonconsensual contact with Plaintiffs;

(iii)    ratifying the unauthorized access and use;

(iv)    failing to prevent or eliminate any further violations through criminal referral;

(v)     failing to prevent or eliminate any further violations through state licensing reporting; and/or

(vi)    failing to take any corrective actions against Defendant Tara Coronel.

168.   As a direct and proximate result of Defendants' conspiracy, Plaintiffs were deprived of their privacy, familial association and experienced mental, emotional, and physical suffering, because of the Defendants' acts or omissions.

## **PRAYER FOR RELIEF**

169.   **WHEREFORE**, Plaintiffs pray for the following relief from Defendants, and each of them, for each of the above causes of action:

(i)     For compensatory damages, including general and special damages, according to proof;

(ii)    For punitive damages pursuant to 42 U.S.C. §1983 and California Civil Code § 3204, 52.1(b), and Ca. Pen. Code §502(e)(4), and any

other applicable laws or statutes, in an amount sufficient to deter and make an example of each Defendant;

(iii)    For exemplary damages in accordance with Ca. Civ. Code, §1798.53, and any other applicable provisions;

(iv)    For statutory damages, according to proof;

(v)    For prejudgment interest according to proof;

(vi)    For reasonable attorney fees pursuant to 42 U.S.C. §1983, 1988; California Civil Code §§ 52.1, 52(b)(3); California Code of Civil Procedure 1025.1, Ca. Pen. Code §502(e)(2), Ca. Gov. Code, §6259(d), and Ca. Civ. Code, §1798.45-1798.48, and any other applicable provisions;

(vii)    For costs of suit and litigation;

(viii)  For injunctive relief; and

(ix)    For such further relief which is just and proper.

Dated this 12th day of June, 2023.

/s/ Je Yon Jung

Je Yon Jung (SBN #329774)
MAY JUNG LLP
333 City Blvd. West, Suite 327
Orange, CA 92868
(818) 869-6476
jeyon@mayjung.com
service@mayjung.com
*Attorney for Plaintiffs*

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 35