Je Yon Jung, Esq. (SBN #329774)
**MAY JUNG, LLP**
333 City Blvd. West
Suite 327
Orange, CA 92868
(818) 869-6476
jeyon@mayjung.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. STUART, JOSE L. FELIX, and A.F. | CASE NO.: 5:22-CV-0701-SPG (MAR) |
|         Plaintiffs, | |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE** |
| COUNTY OF RIVERSIDE, TARA CORONEL, TAMARA CORONEL, WARREN PAUL, and DOES 1 THROUGH 10, | Hearing Date: December 13, 2023 Time: 1:30 p.m. Courtroom: 5C |
|         Defendants. | |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................1

II.   STATEMENT OF FACTS ......................................................................1

III.  ARGUMENT...........................................................................................4

     A.    Legal Standard............................................................................4

     B.    Each Affirmative Defense Asserted in Defendant's Answer is Improper .....................................................................................5

          1.    Affirmative Defenses 1-23 Are Insufficient ...............5

          2.    Affirmative Defenses 1, 2, 13, 16-18, and 20-22 Are Non-Affirmative Defenses .........................................7

          3.    The Tenth Affirmative Defense is Redundant...........10

          4.    Affirmative Defenses 3, 4, 8, and 14 are Immaterial...............10

     C.    Plaintiffs Will Suffer Prejudice if Defendant's Improper Affirmative Defenses Are Not Stricken ....................................12

IV.  CONCLUSION......................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agricola Cuyuma SA v. Corona Seeds, Inc.*,
    No. CV 17-8220-DMG (SKx), 2019 WL 1878353, (C.D. Cal. Feb. 20, 2019)
    ..................................................................................................12

*Alphaville Design. Inc. v. Knoll Inc.*,
    627 F. Supp. 2d 1121, (N.D. Cal. 2009).......................................11

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*,
    718 F. Supp. 2d 1167, (N.D. Cal. 2010).....................................7, 8

*Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. Fresno's Best Indus. Elec., Inc.*,
    No. 1:13–cv–01545–AWI–SKO, 2014 WL 1245800, (E.D. Cal. Mar. 24, 2014) ................................................................................................6

*Cal. Dep't of Toxic Substances Control v. ALCO Pac., Inc.*,
    217 F. Supp. 2d 1028, (C.D. Cal. 2002).......................................13

*Champlaie v. BAC Home Loans Servicing*,
    LP, 706 F. Supp. 2d 1029, (E.D. Cal.2009) ............................... 4-5

*Dodson v. Strategic Restaurants Acquisition Co. II, LLC*,
    289 F.R.D. 595, (E.D. Cal. 2013)....................................................6

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524, (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed.2d 455 (1994)..............................................10

*Gerrie v. County of San Bernardino*,
    No. EDCV 19-1435 (SPx), 2020 WL 6586314, (C.D. Cal. Sept. 30. 2020) ..9

*Hernandez v. County of Monterey*,
    306 F.R.D. 279, (N.D. Cal. 2015) ..................................................8

*Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*,
    No. 16-cv-00599-JD, 2016 WL 8469189, (N.D. Cal. Dec. 19, 2016) ...........6

*J & J Sports Prod., Inc. v. Helper*,
    No. 10-cv-02109-OWW, 2011 WL 2036373, (E.D. Cal. May 23, 2011).......7

*Jackson v. Axton*,
    25 F.3d 884, (9th Cir. 1994) ........................................................................11

*Jarrow Formulas. Inc. v. Nutrition Now. Inc.*,
    304 F.3d 829, (9th Cir. 2002) ......................................................................11

*Johnson v. Johnson*,
    1:15-cv-01793 MJS, 2016 WL 3549406, (E.D. Cal. June 29, 2016).......... 6-7

*Lane v. Page*,
    272 F.R.D. 581, (D.N.M. 2011) ...................................................................12

*LL B Sheet 1, LLC v. Loskutoff*,
    362 F. Supp. 3d 804, (N.D. Cal. 2019).........................................................8

*McKennon v. Nashville Banner Publishing Co.*,
    513 U.S. 352, (1995)....................................................................................11

*Mission Bay Jet Sports*, *LLC*,
    No. 08cv0146 JM(CAB), 2010 WL 144441, (S.D. Cal. Jan. 11, 2010) .........4

*Polk v. Legal Recovery Law Offices*,
    291 F.R.D. 485, (S.D. Cal. 2013) ...........................................................5, 10

*Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,
    No. 16-CV-00669-YGR, 2017 WL 1330598, (N.D. Cal. Apr. 11, 2017).......9

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046, (N.D. Cal. 2004).......................................................5

*SEC v. Sands*,
    902 F. Supp. 1149, (C.D. Cal. 1995).............................................................13

*Security People, Inc. v. Classic Woodworking LLC*,
No. C-04-3133 MMC, 2005 WL 645592, (N.D. Cal. Mar. 4, 2005)..............4

*Sidney-Vinson v. A.H. Robins Co.*,
697 F.2d 880, (9th Cir. 1983) ........................................................4

*Sliger v. Prospect Mortgage, LLC*,
789 F. Supp. 2d 1212, (E.D. Cal. 2011) ......................................10

*Taylor v. United States*,
821 F2d 1428, (9th Cir. 1987) .......................................................8

*United States v. Wang*,
404 F. Supp. 2d 1155, (N.D. Cal. 2005).........................................5

*Weintraub v. Law Office of Patenaude & Felix, A.P.C.*,
299 F.R.D. 661, (S.D. Cal. 2014) ..................................................9

*Wyshak v. City Nat'l Bank*,
607 F.2d 824, (9th Cir. 1979) .......................................................5

*Wyshak*, 607 F.2d at 826; *Baker v. FirstCom Music*,
No., LACV168931VAPJPRX, 2017 WL 9500947, (C.D. Cal. July 27, 2017)
.........................................................................................................6

*Zivkovic v. S. California Edison Co.*,
302 F.3d 1080, (9th Cir.2002) ................................................... 7-8

*Zody v. Microsoft Corp.*,
No. 12-CV-942-YGR, 2017 WL 2468250, (N.D. Cal. June 7, 2013) ...........7

**Statues**

42 USC §1983 ...............................................................................2, 8

**Other Authorities**

CENTRAL DISTRICT LOC. R. 7-3 ...................................................................4

Civ. Proc. Code 335.1 ....................................................................11, 12

Civ. Proc. Code 340.3 ...........................................................................12

Civ. Proc. Code 343 ..............................................................................12

FED. R. CIV. P. 12 .........................................................................1, 4, 7

FED. R. CIV. P. 8 ..............................................................................5, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a civil rights and tort case in which Plaintiffs are seeking recovery against Defendant Coronel for her wholly improper, unlawful, and unauthorized access to and use of closed adoption records. This motion is occasioned by Defendant's untimely filed Answer that was submitted near the close of discovery and with affirmative defenses full of boilerplate, insufficient, and/or legally baseless affirmative defenses. Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiffs move to strike Defendant's affirmative defenses.

## II.    STATEMENT OF FACTS

Defendant has been a named Defendant in this matter since the Complaint was filed on April 25, 2022. (Dkt.1). On May 23, 2023, the Court granted Defendant's attorney, Eric McIntosh, Motion to Withdraw as Attorney. (Dkt. 88). On June 13, 2023, undersigned counsel served the First Amended Complaint ("FAC") on Defendant, pro se, among others via electronic mail and first-class mail. (Dkt. 111). In recognition of Defendant's status as pro se, Plaintiffs' counsel contacted Defendant on August 15, 2023, via electronic mail to note that she had not responded to Plaintiffs' FAC. (Dkt. 114-1). Counsel proposed to agree to stipulate

and consent to Defendant Answer to be filed by August 21, 2023. In addition, on the same day, undersigned counsel resent a copy of the FAC to Defendant. (Dkt. 114-1).

On August 25, 2023, this Court granted a joint motion to amend the scheduling order in which it ordered fact discovery to close on October 30, 2023, set the deadline to complete a settlement conference for December 29, 2023, and set the last day to hear motions for January 17, 2024.

With discovery nearing an end and no Answer yet on file from Defendant, Plaintiffs filed a Request to Enter Default as to Defendant on September 12, 2023. (Dkt. 114).

On September 14, 2023, Defendant filed an Answer asserting the following twenty-three "Affirmative Defenses":

First Affirmative Defense-failure to state cause of action;

Second affirmative defense, failure to state cause of action for violation of 42 USC §1983;

Third Affirmative Defense: Defendant's good faith and reasonableness;

Fourth Affirmative Defense: doctrine of laches;

Fifth Affirmative Defense: Defendant acted in conformity with applicable law, regulation, and policy;

Sixth Affirmative Defense: unclean hands;

Seventh Affirmative Defense: recklessness or negligence by Plaintiffs;

Eighth Affirmative Defense: after acquired evidence;

Ninth Affirmative Defense: superseding and intervening causes;

Tenth Affirmative Defense: failure to mitigate by Plaintiffs;

Eleventh Affirmative Defense: failure to mitigate by Plaintiffs;

Twelfth Affirmative Defense: implied consent;

Thirteenth Affirmative Defense: attorneys' fees and costs unwarranted;

Fourteenth Affirmative Defense: statute of limitations;

Fifteenth Affirmative Defense: negligence by Plaintiffs and others;

Sixteenth Affirmative Defense: no privacy expectation;

Seventeenth Affirmative Defense: no legally protected privacy interest;

Eighteenth Affirmative Defense: no invasion of privacy;

Nineteenth Affirmative Defense: privilege by defendant;

Twentieth Affirmative Defense: punitive damages not allowed;

Twenty-first Affirmative Defense: exemplary damages not allowed;

Twenty-second Affirmative Defense: reservation of right;

Twenty-third Affirmative Defense: bad faith, frivolous action;

On October 13, 2023, pursuant to Central District Local Rule 7-3, the parties conferred by telephone and were unsuccessful in resolving this matter. See Declaration of Je Yon filed herewith.

## III. ARGUMENT

### A. Legal Standard.

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues before trial. *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or a matter of law. *Security People, Inc. v. Classic Woodworking LLC*, No. C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005).

Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that the district court would be considering the issue on its own accord even where its attention was prompted by an untimely filed motion. *In re Mission Bay Jet Sports, LLC*, No. 08cv0146 JM(CAB), 2010 WL 144441, at *3 (S.D. Cal. Jan. 11, 2010) (granting untimely motion to strike); *Champlaie v. BAC Home Loans Servicing*, LP, 706 F. Supp. 2d 1029, 1039 (E.D.

Cal.2009) (stating, "the court may consider and grant an untimely motion to strike where it is proper to do so"); *United States v. Wang*, 404 F. Supp. 2d 1155, 1157 (N.D. Cal. 2005) (same).

**B.  Each Affirmative Defense Asserted in Defendant's Answer Is Improper.**

Defendant's Answer contains multiple defects. First, each affirmative defense fails to provide sufficient legal and factual information to afford Plaintiffs fair notice. Second, nine of the purported "Affirmative Defenses" are not affirmative defenses at all, but instead attack the sufficiency of Plaintiffs' prima facie case. Third, one affirmative defense is redundant. Finally, four affirmative defenses are immaterial. For the reasons discussed in detail below, Defendant's so-called affirmative defenses should be struck in their entirety.

**1.   Affirmative Defenses 1-23 Are Insufficient.**

Rule 8(c)(1) of the Federal Rules of Civil Procedure governs pleading affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense" in the responsive pleading.  In pleading an affirmative defense, a barebones "reference to a doctrine is insufficient notice." *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 491 (S.D. Cal. 2013) (citing *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)); *see also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (holding that fair notice of the nature of the

defense requires more than allegation of the doctrine at issue); *Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. Fresno's Best Indus. Elec., Inc.*, No. 1:13–cv–01545–AWI–SKO, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014) ("Simply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in this action...."). A defendant must support its affirmative defenses with factual allegations relevant to the specific affirmative defense asserted. *Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013).

Each affirmative defense asserted in Defendant's Answer is insufficient because Defendant does not provide Plaintiffs with fair notice of the grounds on which the affirmative defense is based. Defendant has not included any factual basis nor attempted to establish a connection between the alleged facts and the respective affirmative defense asserted. Such pleadings do not amount to fair notice required as is under Rule 8(c)(1). *See Wyshak*, 607 F.2d at 826; *Baker v. FirstCom Music, No.*, LACV168931VAPJPRX, 2017 WL 9500947, at *4 (C.D. Cal. July 27, 2017) (citing *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 16-cv-00599-JD, 2016 WL 8469189, at *2 (N.D. Cal. Dec. 19, 2016) (no fair notice where defendant failed to provide factual basis for legal doctrines such as unclean hands and failure to mitigate damages); *Johnson v. Johnson*, 1:15-cv-01793 MJS, 2016 WL 3549406, at

*10 (E.D. Cal. June 29, 2016) (no fair notice where defendant failed to provide factual basis for defense based on failure to state a claim, failure to exercise care, third party acts, delay, independent intervening acts, failure to mitigate, and bad faith); *Zody v. Microsoft Corp.*, No. 12-CV-942-YGR, 2017 WL 2468250, at *8 (N.D. Cal. June 7, 2013) (finding that defendant "must specify the statute of limitation allegedly barring Plaintiff's claims, or the length of the limitation period"); *J & J Sports Prod., Inc. v. Helper*, No. 10-cv-02109-OWW, 2011 WL 2036373, at *2 (E.D. Cal. May 23, 2011) ("The [acts-and-omissions-of-third-parties] defense does not plead sufficient factual information to give Plaintiff fair notice of the defense as it fails to identify any third parties or their acts or omissions.").

### 2. Affirmative Defenses 1, 2, 13, 16-18, and 20-22 Are Non-Affirmative Defenses.

Properly asserted affirmative defenses admit allegations in the complaint, but assert additional facts that would defeat recovery even if all the elements of a plaintiff's claim are proven. *See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). By contrast, contentions that only attack the sufficiency of plaintiff's proof or allegations are not affirmative defenses, and should be stricken under Rule 12(f). *Zivkovic v. S. California Edison*

*Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense.").

Defendant's First and Second Affirmative Defenses asserting failure to state a claim generally and specifically with respect to 42 USC § 1983 merely assert a defect in Plaintiffs' prima facie case and are not proper affirmative defenses. *See Barnes*, 718.F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense, but, rather, asserts a defect in [plaintiff's] prima facie case."); *LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 818 (N.D. Cal. 2019) (striking the defense of failure to state a claim because it "is, in essence, an argument that the plaintiff has not met its burden of alleging the elements of its claims").

Defendant's Thirteenth Affirmative Defense asserting attorneys' fees and costs are unwarranted, Twentieth Affirmative Defense asserting punitive damages are not allowed, and Twenty-First Affirmative Defense asserting exemplary damages are not allowed merely seek to limit, not preclude, Plaintiffs' recovery and thus are not proper affirmative defenses. *See Taylor v. United States*, 821 F2d 1428, 1433 (9th Cir. 1987) (explaining that "the Federal Rules do not consider limitations of damages affirmative defenses"); *Hernandez v. County of Monterey*, 306 F.R.D. 279, 285 (N.D. Cal. 2015) (striking affirmative defense targeting the amount of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
8

recovery).  Alternatively, these defenses seek to deny elements of Plaintiffs' prima facie case and should be stricken. *Gerrie v. County of San Bernardino*, No. EDCV 19-1435 (SPx), 2020 WL 6586314, *3 (C.D. Cal. Sept. 30. 2020) ("[D]enial of punitive damages is not an affirmative defense, but rather is an assertion that Plaintiff has not proved essential elements of her claim.") (citations omitted).

Defendant's Sixteenth Affirmative Defense asserting no reasonable expectation of privacy, Seventeenth Affirmative Defense asserting no legally protected privacy interest in the information, and Eighteenth Affirmative Defense asserting Plaintiffs' allegations do not constitute an invasion of privacy attacks the sufficiency of Plaintiffs' prima facie case and are therefore improper.

Defendant's Twenty-Second Affirmative defense asserting a reservation of rights to assert additional affirmative defenses is not an affirmative defense at all. *Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-CV-00669-YGR, 2017 WL 1330598, at *2-3 (N.D. Cal. Apr. 11, 2017) (striking with prejudice defendant's reservation of rights to assert additional defenses as "not true affirmative defenses."); *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 669 (S.D. Cal. 2014) (explaining that an attempt to reserve rights to assert additional affirmative defenses is a "legal nullity").

### 3.  The Tenth Affirmative Defense is Redundant.

"Redundant matter is defined as allegations that 'constitute a needless repetition of other averments or are foreign to the issue.'" *Sliger v. Prospect Mortgage, LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011).

Defendant's Tenth Affirmative Defense asserting failure to mitigate damages arising from physical and emotional harm appears to be a subset of Defendant's Eleventh Affirmative Defense asserting failure to mitigate "any damages."

### 4.  Affirmative Defenses 3, 4, 8, and 14 Are Immaterial.

"Immaterial" pleadings "ha[ve] no essential or important relationship to the claim for relief." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed.2d 455 (1994). A court may strike a pleading as "impertinent" if it does "not pertain . . . to the issues in question." *Id.*

Defendant's Third Affirmative Defense that she did not directly or indirectly perform any acts that would constitute a breach of any duty owed to Plaintiffs is immaterial to Plaintiffs' negligence claims. *See Polk*, 291 F.R.D. at 491 (claim for negligence stands irrespective of defendant's state of mind).

Defendant's Fourth Affirmative Defense asserting laches is immaterial to Plaintiffs' claims for damages. "Laches is an equitable time limitation on a party's

right to bring suit, . . . resting on the maxim that 'one who seeks the help of a court of equity must not sleep on his rights.'" *Alphaville Design. Inc. v. Knoll Inc.*, 627 F. Supp. 2d 1121, 1133 (N.D. Cal. 2009) (citing *Jarrow Formulas. Inc. v. Nutrition Now. Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) ("Laches, an equitable defense, is distinct from the statute of limitations, a creature of law"); and *see Jackson v. Axton*, 25 F.3d 884, 888 (9th Cir. 1994) (holding that laches serves as the counterpart to the statute of limitations, barring untimely equitable causes of action). Additionally, Plaintiffs' claims were timely filed and therefore Plaintiffs' conduct simply cannot be considered inexcusable delay. *See* Civ. Proc. Code 335.1 (setting forth two-year statute of limitations for claims of injury).

Defendant's Eighth Affirmative Defense asserting Plaintiffs' claims are limited by after-acquired evidence is immaterial. The doctrine of after-acquired evidence operates to "preclude[] or limit[] an employee from receiving remedies for wrongful discharge if the employer later discovers evidence of wrongdoing that would have led to the employee's termination had the employer known of the misconduct." *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360-63 (1995) (internal quotations omitted)(emphasis added). A defense to a claim for wrongful discharge is immaterial to the claims alleged in Plaintiffs' FAC.

Defendant's Fourteenth Affirmative Defense asserting Plaintiffs' damages are barred by the statute of limitations set forth in Code of Civil Procedure sections 335.1, 340.3, and 343 is immaterial. Section 335.1 provides a two-year time limit for the kinds of injuries alleged by Plaintiffs. Plaintiffs allege that their injuries occurred in 2021. *See generally* FAC at ¶¶ 36-71. Plaintiffs commenced this action in 2022. (Dkt. No. 1). Plaintiffs' claims fall well within the statute of limitations set forth in section 335.1 and therefore Defendant's Fourteenth Affirmative Defense is immaterial to the extent it is based on section 335.1. Additionally, Code of Civil Procedure section 340.3 applies to felony offenses and section 343 applies to all claims not otherwise governed by the Code of Civil Procedure. Neither of these statutory provisions apply to Plaintiffs' tort and civil rights claims.

**C. Plaintiffs Will Suffer Prejudice if Defendant's Improper Affirmative Defenses Are Not Stricken.**

Though "the Ninth Circuit has expressly rejected requiring a movant to show prejudice to prevail on a motion to strike[,]" *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011) (analyzing the law of the Ninth Circuit), Courts in the Central District may require a showing of prejudice. *Agricola Cuyuma SA v. Corona Seeds, Inc.*, No. CV 17-8220-DMG (SKx), 2019 WL 1878353, *1 (C.D. Cal. Feb. 20, 2019). "Prejudice can arise from allegations that cause delay or confusion of the issues."

*SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995). Further, "[t]he possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Cal. Dep't of Toxic Substances Control v. ALCO Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

Here, despite being named as a Defendant since the inception of this suit on April 25, 2022, being served with the FAC on June 13, 2023, and being given an extension of time by Plaintiffs' counsel to file an Answer by August 21, 2023, Defendant did not file an Answer until September 14, 2023—an Answer that was filed only after the Clerk entered default. (Dkt. 1, 92, 114, 114-1, 115, 116). Defendant's Answer is filed just shy of the close of discovery and is replete with conclusory affirmative defenses which make it impossible to discern which defenses apply to which allegations and causes of action, redundant denials, wholly inapplicable defenses, and defenses that are a legal nullity. Allowing Defendant's boilerplate and improper affirmative defenses to stand will prejudice Plaintiffs who are unable to discern the basis of the defenses and are preventing from testing the validity of the defenses through the discovery process.

## IV.    CONCLUSION

Plaintiffs respectfully request this Court grant Plaintiffs' Motion, and strike the first through twenty-third affirmative defenses.

Dated:  October 27, 2023

**MAY JUNG LLP**

/s/ Je Yon Jung

Je Yon Jung, Esq. (SBN: 329744)
333 City Blvd. West,
Suite 327
Orange, CA 92868
(818) 869-6476
jeyon@mayjung.com
*Attorney for Plaintiffs*

## **LOCAL RULE 11-6.1 CERTIFICATION**

The undersigned, counsel of record for the Plaintiffs certifies that this brief

contains 2,753 words, which complies with the word limit of L.R. 11-16-1.

/s/ Je Yon Jung
Je Yon Jung
*Attorney for Plaintiffs*